Day, J.
 

 (dissenting). In view of the fact that this case deals with the sufficiency of a charge under an important misdemeanor statute of our Criminal Code, it is deemed advisable to state the reasons why the minority are unable to concur in the conclusions announced.
 

 It is well established in this state that an indictment or affidavit in a criminal case should contain a complete description of the offense charged. It should set forth the facts constituting the crime, so that the accused may have notice of what he has to meet; of the act done, which it behooves him to controvert; and so that a court, applying the law to the facts charged against him, may see that a crime has been committed.
 
 Lamberton
 
 v.
 
 State,
 
 11 Ohio, 282.
 

 We are also not unmindful of the rule that a statute defining a crime or offense cannot be extended by construction to persons or things not within its descriptive terms, though they appear
 
 *243
 
 to be within the reason and spirit of the statute.
 
 State
 
 v.
 
 Meyers,
 
 56 Ohio St., 340, 47 N. E., 138.
 

 Tested by these rules, we think the affidavit filed in the municipal court of Alliance charged an offense under Section 12635, General Code. This statute is a very old one, having been passed February 17, 1831,
 
 29
 
 Ohio Laws, 161, 162. It is section 6 of “an act for the prevention of certain immoral practices,” and the original section read as follows:
 

 “That if any person or persons shall play bullets along or across any street in any town or village within this state; or if any person or persons shall run any horse or horses within the limits of any such town or village; or if any person or persons shall shoot or fire a gun at a target within the limits of any recorded town plat in this state: Every person or persons so offending shall be fined in a sum not exceeding five dollars, nor less than fifty cents.”
 

 Later it was amended by inserting the word “or pistol,” and also by changing the penalty of not more than “five dollars nor less than fifty cents” to five dollars for the minimum and fifty dollars for the maximum.
 

 The charge made against the plaintiff in error, defendant below, was that on the date named he “did willfully and unlawfully shoot or discharge a gun within the corporate limits of the city of Alliance, Ohio.”
 

 It is contended that, if the words “at a target” were contained in the affidavit, the offense would be correctly charged, but that the omission of said words is fatal. With this construction of the affi
 
 *244
 
 davit and statute we do not agree. The statute should be construed as though the word “gun” followed immediately the word “shoots” — the offense being the
 
 shooting
 
 of a gun within a municipality. The word “shoots” is clearly to be regarded as distinct from “fires,” because these are acts undoubtedly the same in so far as the discharge of a firearm is concerned, and, if it was the intention to confine the statute to
 
 shooting at a target,
 
 what was the purpose of using both words when but one would suffice?
 

 The language is “shoots
 
 or
 
 fires a gum” The use of the disjunctive “or” indicates an intention on the part of the Legislature to express an alternative, and not the same act; that is to say, whoever shoots a gun in a municipality is- guilty of an offense, or whoever fires a gun a.t a target in a municipality is likewise guilty.
 

 The construction of the majority requires the conclusion that the same act, to-wit, shooting or firing a gun at a target, is the offense. This we do not think was the legislative intent, because the use of different words to describe exactly the same act would be unnecessary, but the intention is clearly apparent to our mind that, by the use of the disjunctive “or,” it was intended to create two different methods by which the offense could be committed.
 

 The object of the statute was doubtless, as recited in its title, for the prevention of certain immoral practices, such as Sabbath breaking, selling spirituous liquor on -Sunday, disturbing religious societies, profane swearing, inciting disturbances at public meetings of citizens, and a number of
 
 *245
 
 other acts going to make np offenses against the peace and quiet and orderliness of a neighborhood and community. It is as reprehensible to indulge in miscellaneous, heedless, and careless shooting within the limits of a municipality as it is to shoot at a target, for the safety, peace, quiet of a neighborhood and community are quite as much disturbed thereby, and probably safety much more so, than if the shooting took place at a fixed target, as contended by the majority; and, so far as the word “target” is to be construed as a fixed object, such a construction is far too narrow, for it is well known that shooting at inanimate targets that are moving is a very common practice in the use of guns.
 

 Entertaining the view that the affidavit filed in this case states an offense under the statute, and that, under the conceded facts, no constitutional rights of the accused were invaded, we are of opinion that the three courts below, to-wit, the municipal court of Alliance, the court of common pleas of Stark county, and the Court of Appeals, were right, and that the judgment should be affirmed.
 

 Jones, J., concurs in the dissent.